UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCELERANT SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>KKS MARINE II, LLC,<br><br>Defendant. | Case No.: 24-cv-00214-AJB-AHG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S JURY TRIAL DEMAND**<br><br>**(Doc. No. 11)** |

Presently pending before the Court is Plaintiff Accelerant Specialty Insurance Co.'s motion to strike Defendant KKS Marine II, LLC's jury trial demand. (Doc. No. 11.) KKS filed an opposition to the motion, (Doc. No. 15), to which Plaintiff replied, (Doc. No. 19). Pursuant to Civil Local Rule 7.1.d.1, the Court finds the instant matter suitable for determination on the papers and without oral argument. For the reasons stated herein, the Court **GRANTS** the motion to strike KKS's jury trial demand.

## I. BACKGROUND

Plaintiff issued an insurance policy covering KKS's yacht, named the Life Doesn't Suck ("Vessel"). (Complaint ("Compl."), Doc. No. 1, ¶¶ 5, 9.)  In May 2023, the Vessel's port engine overheated, and KKS filed an insurance claim with Plaintiff. (*Id.* ¶¶ 8, 15.) Plaintiff ultimately denied KKS's insurance recovery claim. (*Id.* ¶ 22.)

///

1

On January 31, 2024, the same day Plaintiff denied KKS's insurance claim, Plaintiff filed its Complaint, seeking Declaratory Judgment on three counts asserting various breaches and lack of coverage under the insurance policy at issue. (*See generally id.*) Plaintiff alleges the case is an admiralty and maritime case within the meaning of Federal Rules of Civil Procedure 9(h) and 38(e), and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

On March 25, 2024, KKS filed its Answer and two Counterclaims, alleging Plaintiff improperly denied coverage under the insurance policy at issue. (*See* Doc. No. 9.) In its Answer, KKS "admits the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333." (*Id.*, Answer ¶ 2.) Moreover, KKS asserts "[t]his Court has supplemental jurisdiction over Defendant's counterclaims pursuant to 28 U.S.C. § 1367(a)." (*Id.*, Counterclaim ¶ 4.) KKS requests monetary damages and that its first counterclaim for breach of contract against Plaintiff be tried to a jury. (*Id.*, Prayer for Relief ¶ A.)

Plaintiff filed this motion to strike KKS's demand for trial by jury, arguing Plaintiff elected to proceed in admiralty and there is no right to a jury in an action brought under admiralty or maritime jurisdiction. (Doc. No. 11.)

## II.   DISCUSSION

Plaintiff argues that because this case was brought in admiralty, KKS has no right to a jury trial. (Doc. No. 11.) KKS counters that even though Plaintiff elected to proceed in admiralty, an independent, non-admiralty jurisdictional basis exists, entitling it to a jury trial. (Doc. No. 15 at 6.) Specifically, KKS asserts that its counterclaim for breach of contract is "one that could traditionally have been brought at common law" and this Court has an independent basis for jurisdiction over that claim based on diversity jurisdiction. (*Id.* (quoting *Craig v. Atl. Richfield Co.*, 19 F.3d 472, 476 (9th Cir. 1994)).)

District courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). The "saving to suitors" clause leaves state courts

"competent" to adjudicate maritime causes of action for in personam proceedings and allows plaintiffs to bring an action at law in federal district court, provided that the requirements for diversity jurisdiction under 28 U.S.C. § 1332 are met. *Ghotra by Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1054 (9th Cir. 1997). A plaintiff seeking to bring in personam maritime claims thus has three options: file a suit in federal court under federal admiralty jurisdiction, in federal court under diversity jurisdiction if the parties are diverse and the amount in controversy is satisfied, or in state court. *Id.* Although the difference between these options "is mostly procedural," the "greatest significance is that there is no right to jury trial if general admiralty jurisdiction is invoked, while it is preserved for claims based in diversity or brought in state court." *Id.* (citing Fed. R. Civ. P. 38). Where both admiralty and non-admiralty federal jurisdiction exist, a pleader may designate a claim as an admiralty claim under Federal Rule of Civil Procedure 9(h) to inform the court that the pleader elects to proceed within the court's admiralty jurisdiction.

There is a "lack of consensus" among federal courts as to whether a defendant bringing compulsory legal counterclaims in response to a plaintiff's admiralty claim is entitled to a jury trial. *Great Lakes Ins. SE v. Andersson*, 525 F. Supp. 3d 205, 207 (D. Mass. 2021). Under Ninth Circuit precedent, "where a federal court has an independent basis of jurisdiction over cases involving admiralty claims, *such as diversity of citizenship*, both the defendant and plaintiff have a right to demand a jury trial under the Seventh Amendment *so long as the suit is one that could traditionally have been brought 'at common law'*. . . ."). *Craig*, 19 F.3d at 476 (emphases added).

Here, Plaintiff asserted subject matter jurisdiction only under this Court's admiralty jurisdiction, 28 U.S.C. § 1333(1). (Compl. ¶ 2.) Plaintiff did not assert any other basis for federal subject matter jurisdiction and made a Rule 9(h) election indicating its intent to proceed under admiralty despite independent bases of jurisdiction over its claims. (*Id.*) Although courts have found that independent jurisdiction exists where a party has asserted diversity jurisdiction, KKS has not done so here. *Cf. Ghotra by Ghotra*, 113 F.3d at 1058 ("Ghotras clearly asserted diversity as the jurisdictional basis for the in personam claims

in each of their Complaints.").  For that reason, KKS's reliance on *Wilmington Trust v. U.S. District Court for the District of Hawaii*, 934 F.2d 1026, 1027–28 (9th Cir. 1991), where the defendant asserted "[i]ndependent jurisdictional grounds" for each counterclaim, is misplaced.  KKS's reliance on *Clear Spring Property & Casualty Co. v. Arch Nemesis, LLC*, No. 22-CV-2435-DDC-TJJ, 2023 WL 6200198, at *9 (D. Kan. Sept. 22, 2023); *Sphere Drake Insurance PLC v. J. Shree Corp.*, 184 FRD 258, 261 (S.D.N.Y. 1999); and *Canal Barge Co. v. Commonwealth Edison Co.*, No. 98 C 0509, 2002 WL 206054, at *3 (N.D. Ill. Feb. 11, 2002), fail for the same reasons.  Moreover, while the court in *Craig* did not elaborate on whether any party in that case pled diversity jurisdiction, the court noted that the issue had previously been ruled on. 19 F.3d at 476.

KKS further asserts it was not required to plead diversity jurisdiction in its counterclaims because the question is whether the court "has an independent basis for jurisdiction." (Doc. No. 15 at 7–8 (quoting *Craig*, 19 F.3d at 476).) KKS relies on *Huerta v. Akima Facilities Management. LLC*, No. 16-CV-00434-KAW, 2017 WL 5479467, at *4 (N.D. Cal. Nov. 15, 2017), which is not binding on this Court, in support of this argument. (*Id.*) In *Huerta*, the plaintiff requested the court to decline exercising supplemental jurisdiction over state law claims. *Id.* at *1. The plaintiff asserted federal question jurisdiction based on the Federal Tort Claims Act and did not raise diversity jurisdiction. *Id.* However, the parties identified the basis of jurisdiction as diversity jurisdiction in two separate joint case management statements. *Id.* at *2–*3. The *Huerta* court noted that "[d]espite these repeated acknowledgments that diversity jurisdiction exists, Plaintiff now argues that because he did not explicitly plead diversity jurisdiction, diversity jurisdiction does not exist." *Id.* at *3. The court went on to state that "*[a]s applied in the instant case*, the fact that Plaintiff did not affirmatively assert diversity jurisdiction in his complaint does not mean that diversity jurisdiction does not exist; the actual existence of diversity jurisdiction is not dependent on compliance with the procedural requirements." *Id.* at *4 (emphasis added). The Court finds *Huerta* distinguishable, as the court in *Huerta* decided

separate issues, and Plaintiff here has never identified diversity jurisdiction as the basis for jurisdiction.

Given that KKS has alleged no independent jurisdictional grounds for its counterclaims, its demand for jury trial "does not defeat plaintiff's election to proceed in admiralty with a bench trial." *Albany Ins. Co. v. Gerald Jones*, 1996 A.M.C. 2456, 2456 (D. Alaska 1996).

## III.   LEAVE TO AMEND

Finally, KKS requests leave to amend its Answer and Counterclaims pursuant to Federal Rule of Civil Procedure 15(a), should the Court find in favor of Plaintiff. (Doc. No. 15 at 8 n.2.) Plaintiff does not respond in reply. (*See generally* Doc. No. 19.)

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC*, 316 F.3d at 1052.

///

5

Even though Plaintiff has not opposed KKS's request, and has thus consented, the Court still considers the *Foman* factors. There is no undue delay because litigation is currently at a relatively nascent stage. There is also no indication of bad faith or dilatory motive. Additionally, because discovery is in its early stages, there is no danger of prejudice. Finally, the proposed amendments do not appear to be futile.

Thus, the Court **GRANTS** KKS's request for leave to file a first amended answer and counterclaims.

## IV.    CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's motion to strike KKS's demand for a jury trial. (Doc. No. 11.) Should KKS choose to do so, where leave is granted, it must file an amended Answer and Counterclaims curing the deficiencies noted herein by **October 21, 2024**.

**IT IS SO ORDERED.**

Dated:  October 7, 2024

Hon. Anthony J. Battaglia
United States District Judge

24-cv-00214-AJB-AHG